# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

CASE NO. 3:11-cv-00625-J-37TEM

JOHN GREEN, III,

      Plaintiff,

v.

NATIONAL MANAGEMENT RECOVERY CORP., and
CAVALRY PORTFOLIO SERVICES, LLC,

      Defendants.

_____/

## AMENDED COMPLAINT

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4.      Plaintiff, JOHN GREEN, III. ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Nassau, and City of Fernandina.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, NATIONAL MANAGEMENT RECOVERY CORP. ("National") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7.     Defendant, CAVALRY PORTFOLIO SERVICES, LLC ("Cavalry") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

8.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

9.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

10.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12.     In connection with the collection of the debt at issue in this case, Defendant National acted on behalf of and under the direct authority of Defendant Cavalry.

13.     Defendant Cavalry provided Defendant National with the incorrect media that caused Defendant National to contact the Plaintiff in its attempts to collect the debt at issue in this case.

14.     In connection with the collection of an alleged debt, Defendant National, on behalf of Defendant Cavalry, communicated with Plaintiff via telephone call on April 12, 2011, and at such time, Plaintiff requested that Defendants cease all telephonic communications, to which Defendant National responded, "What time do you want me to call you tomorrow?", constituting language the natural consequences of which was to abuse Plaintiff.

15.     In connection with the collection of an alleged debt, Defendant National, on behalf of Defendant Cavalry, placed a call to Plaintiff's residential telephone on March 28, 2011 at 2:45 P.M., and at such time, Plaintiff informed Defendants that he was not the individual Defendants were seeking and then terminated the call. Defendant National, on behalf of Defendant Cavalry, immediately called back and stated, "I wasn't done talking to you," and as such, Defendants caused Plaintiff's residential telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

16.     In connection with the collection of an alleged debt, Defendant National, on behalf of Defendant Cavalry, communicated with Plaintiff via telephone call on multiple occasions, and in each such instance, Defendants falsely represented that an alleged debt owed by "Jonathon Green" was owed by Plaintiff.  However, Plaintiff's name is not, and has never been, "Jonathon Green."  Furthermore, the social security number Defendants stated for the alleged debtor is not Plaintiff's social security number. Despite Plaintiff's efforts to inform Defendants that they had contacted the wrong person, Defendants continued to contact Plaintiff in an attempt to collect the debt, and therefore, falsely represented the character, amount, or legal

status of Plaintiff's debt and further threatened to enforce a debt Defendants knew was not legitimate.

17.    Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

**COUNT I**
**VIOLATIONS OF 15 U.S.C. § 1692d(2)**
**DEFENDANT NATIONAL**

18.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

19.    Defendant violated 15 U.S.C. § 1692d(2) by using language the natural consequence of which was to abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated  15 U.S.C. § 1692d(2);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

<u>**COUNT II**</u>
<u>**VIOLATIONS OF 15 U.S.C. § 1692d(5)**</u>
<u>**DEFENDANT NATIONAL**</u>

20.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

21.     Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

<u>**COUNT III**</u>
<u>**VIOLATIONS OF 15 U.S.C. § 1692e(2)(a)**</u>
<u>**DEFENDANT NATIONAL**</u>

22.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

23.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATIONS OF 15 U.S.C. § 1692e(10)
### DEFENDANT NATIONAL

24.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

25.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with the collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATIONS OF THE SECTION 559.72(8) OF THE FCCPA**
**AGAINST NATIONAL**

26.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-17 of this complaint.

27.     Defendant violated §559.72(8) of the Florida Consumer Collection Practices Act by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of his or her family.

28.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOHN GREEN, III., by and through his attorneys, respectfully prays for judgment as follows:

a.     All actual compensatory damages suffered;

b.     Emotional and/or mental anguish damages;

c.     Statutory damages of $1,000.00;

d.     Plaintiff's attorneys' fees and costs;

e.     Any other relief deemed appropriate by this Honorable Court.

**COUNT VI**
**VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA**
**AGAINST NATIONAL**

29.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-17 of this complaint.

30.     Defendant violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

31.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOHN GREEN, III, by and through his attorneys, respectfully prays for judgment as follows:

a.     All actual compensatory damages suffered;

b.     Emotional and/or mental anguish damages;

c.     Statutory damages of $1,000.00;

d.     Plaintiff's attorneys' fees and costs;

e.     Any other relief deemed appropriate by this Honorable Court.

### COUNT VII
### VIOLATIONS OF 15 U.S.C. § 1692d(2)
### DEFENDANT CAVALRY

32.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

33.     Defendant violated 15 U.S.C. § 1692d(2) by using language the natural consequence of which was to abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)     Adjudging that Defendant violated  15 U.S.C. § 1692d(2);

b)     Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)   Awarding such other and further relief as the Court may deem just and proper.

<u>**COUNT VIII**</u>
<u>**VIOLATIONS OF 15 U.S.C. § 1692d(5)**</u>
<u>**DEFENDANT CAVALRY**</u>

34.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

35.    Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)   Adjudging that Defendant violated  15 U.S.C. § 1692d(5);

    b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT IX**
**VIOLATIONS OF 15 U.S.C. § 1692e(2)(a)**
**DEFENDANT CAVALRY**

36.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

37.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT X**
**VIOLATIONS OF 15 U.S.C. § 1692e(10)**
**DEFENDANT CAVALRY**

38.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

39.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with the collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI
## VIOLATIONS OF THE SECTION 559.72(8) OF THE FCCPA
## AGAINST CAVALRY

40.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-17 of this complaint.

41.     Defendant violated §559.72(8) of the Florida Consumer Collection Practices Act by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of his or her family.

42.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOHN GREEN, III., by and through his attorneys, respectfully prays for judgment as follows:

a.     All actual compensatory damages suffered;

b.     Emotional and/or mental anguish damages;

c.     Statutory damages of $1,000.00;

d.      Plaintiff's attorneys' fees and costs;

e.      Any other relief deemed appropriate by this Honorable Court.

**COUNT XII**
**VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA**
**AGAINST CAVALRY**

43.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-17 of this complaint.

44.    Defendant violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

45.    As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOHN GREEN, III., by and through his attorneys, respectfully prays for judgment as follows:

a.      All actual compensatory damages suffered;

b.      Emotional and/or mental anguish damages;

c.      Statutory damages of $1,000.00;

d.      Plaintiff's attorneys' fees and costs;

e.      Any other relief deemed appropriate by this Honorable Court.

**TRIAL BY JURY**

46.     Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted this 3rd day of January, 2012.



Respectfully submitted,
**JOHN GREEN, III.**


By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com


## <u>CERTIFICATE OF SERVICE VIA REGULAR MAIL</u>


I, Alex D. Weisberg, certify that a true and correct copy of the foregoing Motion was served upon National Management Recovery Corp., 5571 University Drive, Suite #203, Coral Springs, Florida 33067, by depositing the same on January 3, 2012, in the U.S. Mail in an envelope with first class postage prepaid thereon.

By: s/ Alex Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com